UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGELINA SAMPSON, an individual, BRODIE KNOX, an individual, and MATTHEW JOHNSON, an individual, Plaintiffs for themselves and on behalf of all others similarly situated, <br><br>and<br><br> RIRCHARD LANDRETH, an individual, Plaintiff for himself and on behalf of all others similarly situated,<br>       Plaintiffs,<br>       v.<br>JELD-WEN, INC., a Delaware Corporation doing business in Washington State,<br>       Defendant. | No. 1:15-cv-03025-SAB <br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

//
//

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION . . . ^ 1**

## INTRODUCTION AND POSTURE

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 15 (Defendant) & 19 (Plaintiff). The Plaintiffs, four individuals who worked as managers at Defendant corporation Jeld-Wen, Inc. ("Jeld-Wen"), sued Jeld-Wen for the denial of annual bonuses, under causes of action for (1) breach of a modified contract based on an employee handbook and (2) breach of a promise of specific treatment in specific circumstances based on an employee handbook. The case was removed from Yakima County Superior Court by diversity jurisdiction. The parties jointly agreed to pursue discovery and summary judgment on the issue of liability, and then to proceed, if needed, to issues of class certification.

The Court has reviewed the motions, as well as the associated responses, replies, statements of fact, declarations, affidavits, exhibits, and deposition excerpts. Additionally, the Court held a hearing on December 16, 2015, where both parties presented oral argument on the matter. Being fully informed, the Court **denies** the Plaintiffs' motion for summary judgment and **grants** the Defendant's motion for summary judgment, for the reasons below.

## MATERIAL FACTS

The Court makes its decision on the following facts.[1] The four Plaintiffs, Angelina Sampson, Brodie Knox, Matthew Johnson, and Richard Landreth, worked as managers at Jeld-Wen, a Delaware corporation based in Oregon. Jeld-Wen is an international company that fabricates windows and fixtures. Jeld-Wen maintained two facilities in Yakima; the Plaintiffs were employed in a vinyl extrusion plant in Yakima at the time of the events of the case.

Three of the Plaintiffs had signed written, at-will employment contracts with Jeld-Wen around early 2006; the fourth signed the contract in 2007, and never saw

---

[1] As Plaintiffs' counsel pointed out at oral argument, the material facts are not in dispute, and one party's motion should be granted. Some facts regarding notice of and reliance on the 2006 Memo are in dispute, but these facts are immaterial, as shown below.

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION . . . ^ 2**

the bonus memo in question. ECF Nos. 17-5—17-8. These contracts state that "[e]ach year the Board [of Jeld-Wen] makes general decisions regarding compensation, benefits, and other employment terms and conditions, which are subject to change at any time if the Board determines that change is warranted for any reason." *Id.* The signed agreements continue that "[b]onuses are based, in part, on the full-year profitability of your division and JELD-WEN as a whole. If neither is profitable, bonuses generally are not paid. Your bonus, if any, will be determined by the Board of Directors, at its sole discretion. Factors which may influence the Board include: the extent of profitability of your division or the Company overall, your level of responsibility, and your performance during the calendar year." *Id.* Jeld-Wen historically offered a generous bonus program to recruit skilled employees.

On January 31, 2006, Jeld-Wen Chief Operating Officer Barry Homrighaus distributed a memorandum to all Jeld-Wen managers ("2006 Memo") that explained changes to the manager bonus program. (This memo forms the basis of Plaintiffs' claims.) The 2006 Memo states that its purpose was to allow the company to "recruit and retain the best people and reward our best performers appropriately" while eliminating "the need for exceptions, special deals, or 'guarantees.'"

The 2006 Memo appears with Jeld-Wen letterhead, and is addressed to "All Managers, Jeld-Wen Window Group." ECF No. 18-5. It sets bonus payout ranges, as a percentage of a manager's annual salary, based on the profitability of a manager's plant. The memo uses operative language such as "will," and contains a table illustrating five profit categories, covering all possibilities of profitability. The five categories, "with few exceptions," are the qualifying profitability levels. The memo also states that other considerations, such as "employee safety, quality, [and] customer service," effect where in the range the actual bonus will be.

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION . . . ^ 3**

There is some dispute over how and when the Plaintiffs became aware of the 2006 Memo, and whether they sufficiently relied on it. (As discussed below, this dispute does not affect the outcome of any claim). Still, the Plaintiffs qualified for and received bonuses for work performed in 2006 and 2007. They allege to have performed in a manner consistent with the memo in 2008, expecting another bonus. The Yakima plant where Plaintiffs were managers earned a pre-tax profit between 10 and 15% for work performed in 2008. ECF No. 22-13 at 2:17-20.

Jeld-Wen sent a second memo on October 13, 2008 which stated that there was uncertainty if bonuses would be paid in March 2009 for work done in 2008. On January 16, 2009, a third memo was sent by Mr. Homrighaus to all Jeld-Wen Corporate and General Managers, which informed employees that due to financial difficulties, no bonuses would be paid for 2008 work. No Jeld-Wen employee, including the Plaintiffs, received a bonus in 2009. The Plaintiffs filed this lawsuit in Yakima Superior Court on January 14, 2015, and Defendant removed to this Court on February 13, 2015.

## STANDARD

Summary judgment is appropriate if the case documents and materials demonstrate that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)). There is a genuine issue for trial if there is sufficient evidence for the nonmoving party to enable a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). The moving party bears the burden of showing the absence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 325. S*ee also Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) ("[W]hen parties submit cross-motions for summary judgment, each motion must be considered on its own merits."). Reasonable inferences are drawn in the favor of the non-moving party. *Marincovich v. Tarabochia*, 114 Wn.2d 271, 274 (1990).

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION . . . ^ 4**

The Court neither weighs evidence nor assesses credibility when considering a motion for summary judgment; rather, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. When relevant facts are not in dispute, summary judgment as a matter of law is appropriate, *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999), but "[i]f reasonable minds can reach different conclusions, summary judgment is improper." *Kalmas v. Wagner*, 133 Wn.2d 210, 215 (1997).

This Court, sitting in diversity, applies state substantive law as promulgated by the Washington Supreme Court. When interpreting employment policies in Washington, if reasonable minds cannot differ in concluding that a document constitutes an offer (in the context of a claim for implied contractual modification) or a promise of specific treatment (in a specific treatment context), the promise can be part of the employment relationship as a matter of law. *Bulman v. Safeway, Inc.*, 144 Wn.2d 335, 351 (2001).

## CLAIM FOR BREACH OF CONTRACT

The Court first discusses the Plaintiffs' claim for breach of contract, where the contract has been modified by the introduction of an employee handbook.[2] The claim is based on the holding that an employee handbook or policy guide can modify the original employment contract and become binding on both parties. *Gaglidari v. Denny's Restaurants, Inc.*, 117 Wn.2d 426, 433 (1991). The plaintiff must prove that the elements of contract formation exist in the modification; specifically, that offer, acceptance, and consideration were present. *Swanson v. Liquid Air Corp.*, 118 Wn.2d 512, 523 (1992).

---

[2] This claim is distinct from a claim for promise of specific treatment in specific circumstances based on an employee handbook. These two claims are frequently brought together in cases where the facts involve employee handbooks, memos, or manuals, and are frequently confused, or pled in an intertwined manner. *See DePhillips v. Zolt Constr. Co.*, 136 Wn.2d 26, 34 (1998).

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT AND GRANTING DEFENDANT'S MOTION . . . ^ 5

The Supreme Court of Washington has held that an employee handbook can provide the predicate for a contract modification. *Gaglidari*, 117 Wn.2d at 433 (citing *Pine River State Bank v. Mettille*, 333 N.W.2d 622 (Minn. 1983)). Offer can be found where the employer gave plaintiff a manual or handbook; the language in the handbook can constitute an offer. *Id.* The employee's retention of employment with the employer can constitute acceptance. *Id.* Consideration can be found when the plaintiff continues to work for the employer. *Id.* at 433-34.

If these elements are met, a trier of fact can find that the handbook modified the initial employment contract. It is a factual determination whether a handbook contains sufficient contractual terms to modify the previous employment contract, and whether the parties intended an employee handbook to modify the employment contracts. *Swanson*, 118 Wn.2d at 524. However, if reasonable minds could reach but one conclusion on these issues, summary judgment as matter of law is proper. *Id.*; *Bulman*, 144 Wn.2d at 351.

The original employment contracts are clearly binding on Plaintiffs and Defendant, as admitted by both parties. The Court finds that the 2006 Memo modified these original, binding employment contracts. *Gaglidari*, 117 Wn.2d at 433, and the more recent *Storti v. University of Washington*, 181 Wn.2d 28, 35-38 (2014), are instructive on this issue. A contract can be unilaterally modified, and substantial performance may constitute acceptance. *Storti*, 181 Wn.2d at 36. Sufficiently strong language in an employee handbook can constitute offer, and the continuing work of employees after the introduction of the handbook can constitute acceptance. *Id.*

The case at hand is analogous. The language in the 2006 Memo was definite enough to constitute an offer; it provided comprehensive descriptions and examples of the bonus program, and used the type of language that indicates an intent to be bound, per the Washington Supreme Court. For example, the Memo states that bonus payouts "will be based on the success of the organization," that

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION . . . ^ 6**

"each manager will have a 'maximum bonus opportunity,'" and that "the managers of a plant will qualify for a bonus range[.]" ECF No. 18-5 at 3. *Accord Storti*, 181 Wn.2d at 26 ("[F]aculty 'shall' undergo yearly evaluations and 'shall' be awarded a two percent raise . . . ."); *see also Stewart v. Chevron Chem. Co.*, 111 Wn.2d 609, 609 (1988). The contract further specifies that it seeks to eliminate special deals, exceptions, and guarantees, indicating that the intent behind Jeld-Wen management was to bind all managers to a universal bonus system. This is sufficient to find an offer, based on case law in Washington State.

Furthermore, the Plaintiffs substantially performed, as the plant in question remained profitable.[3] Given that Washington adopted substantial performance as a form of acceptance for unilateral contracts in *Storti*, 181 Wn.2d at 36, the Court must conclude that acceptance occurred. Consideration was provided when the Plaintiffs stayed at the job after the 2006 Memo was circulated. Thus, reasonable minds can conclude only that, as a matter of law, the original contracts were modified by the 2006 Memo. *Swanson*, 118 Wn.2d at 523.

However, as discussed below, the 2006 Memo was not a new, independent contract; it only modified the existing employment contracts between Plaintiffs and Defendant. And in light of the claims in this case, the contract must be interpreted in "accordance with all of [its] terms." *Wagner v. Wagner*, 95 Wn.2d 94, 101-02 (1980). Contract interpretation is a matter of law, to be decided by the Court. *Stewart*, 111 Wn.2d at 613-14.

The question thus becomes whether reasonable minds could disagree that the contract modification, read with the original contracts, divested Jeld-Wen of the discretion to grant or deny bonuses. That cannot be the case. The original employment contracts and the 2006 Memo can only be read together, and the

---

[3] Defendant's claim that the Plaintiffs have no ability to perform and insure the profitability of a plant strikes the Court as incorrect. Why else offer a bonus program predicated on profitability in the first place?

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION . . . ^ 7**

original employment contracts were explicit that Jeld-Wen retained discretion to deny bonuses, and indeed to control compensation in all ways.

The 2006 Memo does not conflict with the initial reservation of discretion on part of Jeld-Wen. There is a harmony in viewing the detailed profitability criteria in the 2006 Memo as an explication of the vague profitability condition described in the original employment contracts. And the contracts were signed almost contemporaneously, which further suggests their intertwined nature.

Because the only reasonable way[4] to read these documents as one is to view the 2006 Memo as an in-depth explanation of the functioning of the discretionary bonus system, Jeld-Wen did not breach the employment contracts by exercising the discretion to deny bonuses it retained in the initial contract, and the claim must be **dismissed**. *Accord Storti*, 181 Wn.2d at 38-40 (where read with modification, contractual documents retained discretion and no breach found).

## CLAIM FOR BREACH OF PROMISE OF SPECIFIC TREATMENT IN SPECIFIC SITUATIONS

A claim for breach of a promise of specific treatment in specific situations ("STSS") is entirely separate from a breach of contract claim, and includes a reliance element. A promise under this claim, through an employee handbook, can be enforceable where an employer uses the handbook to create an atmosphere of job security and fair treatment, and the promise in the handbook induces the employee to remain on the job and not seek other employment. *Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219, 230-31 (1984) (en banc). To prevail, a plaintiff must prove "(1) that the statements in the policy manual amounted to promises of specific treatment in specific situations, and (2) that the plaintiff justifiably relied

---

[4] The Court considered each motion for summary judgment separately. *Tulalip Tribes of Wash. v. Washington*, 783 F.3d 1151, 1156 (9th Cir. 2015). For purposes of the Defendant's summary judgment motion, even when all of the facts and inferences are viewed in the light most favorable to Plaintiff, reasonable minds could only rule for the Defendant. Likewise, when the Court viewed all facts and inferences in favor of Defendant when considering Plaintiff's motion, the Court holds that no reasonable trier of fact could find for Plaintiffs.

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT AND GRANTING DEFENDANT'S MOTION . . . ^ 8

upon any such promise, and (3) that the promise of specific treatment was breached." *Bulman v. Safeway, Inc.*, 144 Wn.2d 335, 344 (2001). All three elements are questions of fact. *Burnside v. Simpson Paper Co.*, 123 Wn.2d 93, 105 (1994). "The issues may be decided as matters of law, however, if reasonable minds could not differ in resolving them." *Id.* The Court may dismiss claims as a matter of law in a motion for summary judgment based on the running of the statute of limitations. *Goodwin v. United States*, 935 F.2d 1061, 1066 (9th Cir. 1991). Indeed, the statute of limitations requires the Court to dismiss this claim, regardless of the questions of fact surrounding the elements of the *Thompson* claim.

The Plaintiff filed the complaint in Yakima County Superior Court on January 14, 2015. ECF No. 1. The alleged breach of contract occurred on January 16, 2009. This puts the time passed at two days under six years. The statute of limitations for actions based on "a contract in writing, or liability express or implied arising out of a written agreement," is six years. RCW 4.16.040(1). Otherwise, a three-year statute of limitations applies to contract claims "not in writing." RCW 4.16.080(3).

The issue is whether a *Thompson* claim based on an employee handbook can use the six-year statute of limitations. The Court turns to *DePhillips v. Zolt Constr. Co.*, 136 Wn.2d 26, 30-31 (1998), the leading case on the matter. The *DePhillips* court analyzed the employee handbook in question for the existence of the elements of a contract, per *Family Med. Bldg., Inc. v. Dep't of Soc. & Health Servs.*, 104 Wn.2d 105, 108 (1985), and, finding the elements lacking, applied the three-year statute of limitations.

Though *DePhillips* is ultimately somewhat ambiguous,[5] the Court concludes that the availability of the six-year statute of limitations depends on the presence

---

[5] *Compare DePhillips*, 136 Wn.2d at 38 ("[A] claim based upon the *Thompson* theory . . . is not a claim based upon a contract in writing subject to a six-year limitations period."), *with id.* at 37 (referring to a *Thompson* claim and

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION . . . ^ 9**

of the elements of a contract in the handbook or policy manual. These elements are not present in the 2006 Memo: the memo does not identify the Plaintiffs specifically. *DePhillips*, 136 Wn.2d at 31; *see also Wise v. Verizon Commc'ns, Inc.*, No. C08-409MJP, 2008 WL 4426829, at *2 (W.D. Wash. Sept. 26, 2008) ("Nowhere does [the document] identify Plaintiff by name."). There are no signatures on the memo, and the memo, standing alone, does not sufficiently describe the work Plaintiffs would do, or their compensation thereby, to constitute a contract. Thus, the three-year statute of limitation provided by RCW 4.16.080(3) applies, and because the claim was filed outside the statute, the Plaintiffs' *Thompson* claims are **dismissed**.

## CONCLUSION

For the above reasons, Defendant's Motion for Summary Judgment is **granted**, and Plaintiffs' claims for breach of contract and breach of promise for specific treatment in specific circumstances are dismissed.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 19, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

3. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiffs.

//
//
//
//
//

---

stating "unless all the essential elements of a contract are in the [employee handbook], an action premised on express or implied liability arising out of the writing are not subject to the six-year limitation period"). This Court concludes that because the *DePhillips* court examined the document in question, the six-year statute of limitations can be applied to *Thompson* claims when the elements of a contract are present in the handbook.

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT AND GRANTING DEFENDANT'S MOTION . . . ^ 10

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 18th day of December, 2015.



Stanley A. Bastian
United States District Judge

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION . . . ^ 11**